712

■ In the Matter of the Claim of OSCAR LEGAULT, as Executor of EMMA LEGAULT, Deceased, Appellant, against KRAFT FOODS COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. The decedent was killed in an automobile accident driving his own car on his way home from a Christmas party given by an association of fellow employees. Decedent was an outside worker. The party was after working hours and held in a restaurant not on the employer's premises. The board has held by a divided vote that the accident did not arise out of and in the course of employment. There is proof in the record to indicate that all employees were required to become members of the social club and from time to time, according to the need as it developed, the employer made some financial contribution to supplement the dues paid by the employees in carrying out particular social functions. There is other proof that there was no compulsion exerted by the employer to join the club and that members joined it because they had a good time. Whether attendance at the party was a part of the employment is peculiarly a question of fact. In a situation not so markedly different it was held that the employer's "gratuitous contributions to the employees' social and recreational life" were, as a matter of law, not enough to form the basis of an award even though the factual finding, affirmed by this court, went the other way. (*Matter of Wilson* v. *General Motors Corp.,* 298 N. Y. 468, 473.) Domination by and benefit to the employer are controlling criteria in determining the closeness of an employee's social or recreational organization to the employment itself and that is usually to be determined on a question of fact. (*Matter of Tedesco* v. *General Elec. Co.,* 305 N. Y. 544.) The board was not required as a matter of law, at least, to hold on this record there was such domination as to unify the club with the employment and there is no proof of advertising or other promotional benefit derived from its activities. In *Matter of Dodge* v. *Wm. J. Keller, Inc.* (279 App. Div. 959) and *Matter of Sorino* v. *Remington Rand* (1 A D 2d 720) not only was the evidence of employer participation in the social or athletic event greater than that shown here, but the factual issues were resolved by the board favorably to claimant. We find it unnecessary to reach or decide the question of the extent to which the estate of the employee's wife, who has died since her husband's death, would be entitled to an award if one were made. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ In the Matter of the Claim of GORDON D. SPRAGUE et al., Respondents. ISADOR LUBIN, as Industrial Commissioner, Appellant.— Motion by the Attorney-General for an order directing the entry of judgment for costs against respondents in the county clerk's office of Essex County. Motion denied, without costs. Cross motion by the respondents for an order modifying the order of reversal, which was previously granted by this court, to the extent of eliminating the provisions of costs against the claimants-respondents. Cross motion granted, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [See 4 A D 2d 911, 997.]